WALLING, Adm'r, Wage and Hour Division, U. S. Dept. of Labor, v. UNITED DISTILLERS PRODUCTS CORPORATION et al.

Civil Action No. 1134.

District Court, D. Connecticut.

Sept. 28, 1945.

George H. Foley, Jr., Regional Atty. U. S. Department of Labor of Boston, Mass., for plaintiff.

Samuel Rosenthal, of Hartford, Conn., for defendants.

SMITH, District Judge.

This action is brought by the plaintiff as Administrator of the Wage and Hour Division of the United States Department of Labor to enjoin alleged violations of the overtime and record-keeping provisions of the Fair Labor Standards Act. Act of June 25, 1938, c. 676, 52 Stat. 1060, Title 29 U.S.C.A. § 201 et seq. The alleged violations are based on the payment of some of the employees of the defendant corporation under two forms of contract, one applying to production workers (still operators) and the other to office workers.

The defendant corporation owns and operates a distillery in Amston in the Town of Hebron, Connecticut. Both forms of contract have this in common, that they set a weekly number of hours to be worked under the contract with provision for payment at a certain rate for the first forty hours and one and one-half times that rate for a stated number of hours above the forty hours with a guaranteed payment per week and a provision that if, under the hourly-pay provisions of the contract, the employee works less hours than are sufficient to earn the guar-

anteed weekly payment for that week, the deficit in hours shall be made up by the employee at a later time without further compensation.

 It is the claim of the plaintiff, and it is abundantly established by the evidence, that the terms in the contract were merely a fiction to permit the payment of the office employees at a regular weekly salary without regard to the number of hours worked and the statutory requirement for time and one-half above forty hours, and with regard to the production employees to permit payment based in fact on the number of still runs completed during a week at a stated price per run taken together with the number of additional hours spent in repair and maintenance work at a flat rate per hour without regard either as to the still runs or the repair and maintenance work, or both, to the maximum-hour requirements of the statute.

It is unnecessary to determine whether a bona fide constant wage plan which permits prepayment of wages to be earned later would be valid under the Act if, in each week, the compensation was equal to a regular hourly rate for the first forty hours and once and a half times the regular rate for each hour worked beyond forty. It is unnecessary because, in this case, there is no effort in good faith to carry out any such plan. No employee was ever required, upon separation from the company, to make up any part of the apparent deficit in hours which had accumulated, and the apparent contract number of hours per week was set so high that a deficit was certain to accumulate over any extended period. The methods adopted were obviously a subterfuge to avoid the overtime provisions of the Act. It matters not whether the defendants were motivated by any purpose of saving money which, for the war period at least, they could have recaptured from the Government as part of the cost of products being manufactured for the Government on a cost-plus basis, or whether they were motivated by hopes of future savings when the products were again manfactured for their own account, or whether they were motivated by the belief that the constant-wage feature would make it less difficult to obtain workers in competition with war industries more favorably situated geographically.

The testimony of witnesses on both sides was rather highly colored by the personal animosities of the individuals working and living in the small plant community some miles from the nearest public transportation facilities, but the records of the corporation themselves clearly indicate the methods of payment actually used.

 The defense is two-fold, based, first, on the claim that the contracts set up a constant wage plan, legal under the statute, and in the second place on the claim that the practices complained of have been abandoned and that there is no likelihood of their resumption. It would appear, however, that the flagrant lack of good faith in the application of the contract provisions not only invalidates the forms of contract used as a compliance with the Act in the past but also makes not at all improbable the recurrence of violation through the same or similar schemes if injunctive relief be denied, even if we assume that Rowley, now called "Plant Superintendent" and paid on a straight tub basis, is not within the coverage of the Act, and that a change of mind has taken place with regard to accounting of hours worked by Gloria Semel, apparently still paid a straight salary up to the time of trial.

The defendants rely upon the Belo case, Walling, Admr. v. A. H. Belo Corporation, 1942, 316 U.S. 624, 62 S.Ct. 1223, 86 L.Ed. 1716. However, that case involved a newspaper publication whose employees were required at times to work irregular hours because of the nature of the business, and the contracts were found to be intended to, and did really, fix the regular rates at which each employee was employed. Here, the history of the carrying out of the contracts demonstrates that no attention was paid in fact to the hours actually worked, so that the contracts were in practice, on the one hand, a straight salary arrangement for the office workers, and, on the other, a straight piece-work rate for distilling and a straight hourly rate for maintenance work without regard to the overtime provisions of the Act. As these contracts were interpreted in actual practice, there was not the slightest effort to carry out the Act's policy of discouraging employment in work beyond the statutory limit in any week by requiring additional pay for such work.

The record-keeping requirements of the Act are violated by failure to keep a record of the amount and value of food and lodging furnished and by failure to show the regular hourly rate of pay, total daily or weekly straight-time earnings or wages, and total weekly overtime excess compensation, in accordance with Title 29, Chapter 5, Code of Federal Regulations, Part 516.

Form of Judgment in favor of the plaintiff, in accordance with this opinion, enjoining violation of the overtime and record-keeping provisions of the Act by both defendants, may be submitted on notice.